IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREG CRAIG,                              :

        Plaintiff,              : Case No. 3:07cv233

  vs.                                      : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

        Defendant.             :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #8) IN THEIR ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #9) OVERRULED; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, VACATING COMMISSIONER'S FINDING OF NON-DISABILITY; MAKING NO FINDING AS TO WHETHER PLAINTIFF WAS UNDER A "DISABILITY" WITHIN THE MEANING OF THE SOCIAL SECURITY ACT; AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER AND THE ADMINISTRATIVE LAW JUDGE, UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER CONSIDERATION; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.  On August 1, 2008, the United States Magistrate Judge filed a Report and Recommendations (Doc. #8), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled

to benefits under the Social Security Act be vacated; that no finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act; and that the captioned cause be remanded to the Defendant Commissioner and the Administrative Law Judge, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further consideration consistent with her Report and Recommendations.  Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #8), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #4), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence, due to errors committed by the Administrative Law Judge; vacating the Commissioner's finding of non-disability; making no finding as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act; and remanding the captioned cause to the Defendant Commissioner and the Administrative Law Judge, under Sentence Four of 42 U.S.C. § 405(g), for further consideration as more fully set forth below.  The Defendant's Objections to said judicial filing (Doc. #9) are overruled.  Accordingly, the decision of the Defendant Commissioner is vacated.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law)

against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a

different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court agrees with the Magistrate Judge that the Administrative Law Judge did not apply the correct legal criteria in reaching his decision on Plaintiff's application, and that, therefore, examining whether substantial evidence and the Administrative Record supports that hearing officer's factual findings becomes unnecessary.  The Administrative Law Judge did not refer to or describe the legal criteria under the treating physician rule, nor did he cite the applicable Regulation, in discussing the medical evidence presented in Plaintiff's case. Accordingly, the Administrative Law Judge made no explicit finding as to whether the opinions of Dr. Kominiarek or Plaintiff's other physicians were entitled to controlling weight, nor did he evaluate Dr. Kominiarek's opinions, should he determine that said opinions were not entitled to controlling weight, under the remaining regulatory factors.  The hearing officer erred by failing to apply the appropriate legal criteria to Dr. Kominiarek's opinion and by failing to provide sufficient explanation for his decision to discount said opinion.

2. A remand for further proceedings, rather than one for the payment of benefits, is appropriate in this matter, given the Administrative Law Judge's errors

referenced above and, further, because the evidence of disability is not overwhelming and/or because the evidence of disability is not strong, while contrary evidence is weak.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #8) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  Defendant's Objections to said judicial filing (Doc. #9) are overruled.  Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the Commissioner's finding on non-disability; making no finding as to wether Plaintiff was under a "disability" within the meaning of the Social Security Act; and remanding the captioned cause to the Defendant Commissioner and the Administrative Law Judge, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further consideration and proceedings, to wit: to re-evaluate the medical source opinions of record under the legal criteria as set forth in the Commissioner's Regulations, Rulings and as required by case law; and to reconsider, under the required Sequential Evaluation procedure, whether Plaintiff was under a disability and, accordingly, eligible for benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 29, 2008                  /s/ Walter Herbert Rice
                                    WALTER HERBERT RICE, JUDGE
                                    UNITED STATES DISTRICT COURT


Copies to:

Stephanie D. Dobson, Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.